Marjorie Wilcox Grant
vs. } Eq. No. 5709
Laura L. Wilcox

July 7, 1928.

BAKER, J. Heard on plea of res adjudicata and demurrer to the second amended bill of complaint.

In a prior proceeding between these same parties and relating to the same general subject matter, the Supreme Court determined the question of actual fraud adversely to the complainant. (*Grant* vs. *Wilcox*, 44 R. I. 94.) Since that time said case has been referred to and commented upon by the Court in the case of *Dillon* vs. *Dillon*, 49 R. I. 84.

An examination of the present bill as compared with the prior bills in the present proceeding shows that the phrasing of the allegations has in some particulars been changed; that there has been some re-arrangement of the matter presented and that several new paragraphs have been added.

The complainant now urges that her bill is based on the theory of mistake and that she is asking by way of relief that the respondent be declared to hold the property in question as trustee rather than that the conveyances may be declared to be null and void.

A careful examination of the bill now before the Court leaves it of the opinion that the fundamental allegations still relate to the question of actual fraud. The Court is unable to accept the complainant's claim that the bill is based on the theory of mistake. If such is the contention, it should be more clearly and specifically set out. The mere fact that the complainant has altered the form of relief prayed for does not, in the judgment of the Court, materially affect the situation. The Court at all times has the question of proper relief under its control, and a party can not by asking for some particular form of relief change the effect of the material allegations of the bill.

In the opinion of the Court the plea of res adjudicatá is good. .

The demurrer relates to the portions of the bill not reached by the plea. It seems quite clear that if the plea is good then no case is stated in the rest of the bill and the demurrer also should be sustained. This question has been quite fully discussed in previous rescripts filed herein, and it seems unnecessary to repeat it now. In this connection it is perhaps sufficient to refer to the following citations:

Earle vs. Chace, 12 R. I. 374;
Jenkins vs. Pye, 12 Pet. 241;
Pusey vs. Gardner, 21 W. Va. '469;
Perry on Trusts and Trustees, Sec. 201.

The plea and the demurrer are therefore sustained.

In view of the fact that the present bill is the third filed in this case, it would seem that the complainant has had ample and full opportunity to state such matters as she may desire and that the respondent is entitled to a decree dismissing the bill.

For complainant: George H. Raymond.

For respondent: James Harris and J. C. Knowles.